JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAGAS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL ANGEL NUNEZ, et al., <br><br> Defendants. | Case No. CV 16-08138-R (RAOx) <br><br> ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS |

## I.

## FACTUAL BACKGROUND

On August 1, 2016, Plaintiff Hagas LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendant Miguel Angel Nunez ("Defendant"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1.) Plaintiff alleges that it is the owner of real property located in Azusa, California ("the Property"). (Compl., ¶¶ 1, 5.) Plaintiff further alleges that Defendant is an occupant of the Property and has been served with a notice to quit and deliver up possession of the Property, but has failed to do so. (*Id.*, ¶¶ 4, 7-8.)

On November 1, 2016, Defendant filed a Notice of Removal, asserting that this Court has jurisdiction on the basis of federal question and complete diversity,

citing 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (Removal at 1-3.) In addition, Defendant filed an application for *in forma pauperis* status. (Dkt. No. 3.)

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and federal statutes. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue, *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, there is a "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant asserts that this Court has subject matter jurisdiction due to the existence of a federal question and cites 28 U.S.C. §§ 1331, 1441. (Removal at 1-2.) Section 1441 provides in relevant part that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the attached complaint makes clear that this Court does not have federal question jurisdiction

over the instant matter. Plaintiff could not have brought this action in federal court as Plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

The Court notes that the underlying action is one for unlawful detainer, which arises under and is governed by the laws of the State of California. Thus, there is no federal question apparent on the face of Plaintiff's Complaint. *See, e.g.*, *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Defendant also asserts that the Court has jurisdiction based on complete diversity. However, the Court disagrees as the amount in controversy does not exceed the threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977, 980-81 (9th Cir. 2013). In filing the action, Plaintiff explicitly limited its demand for damages to less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: November 9, 2016

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE